## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## GOTTLIEB STEPPER v. HENRY A. BRUENN.

(147 N. W. 724.)

**Partnership — dissolution — accounting — trial de novo — evidence.**

Action to dissolve a partnership and for an accounting. Trial *de novo* in this court. Evidence examined and found that the defendant is indebted to the plaintiff in the sum of $742.23, with interest thereon at 7 per cent, from the 1st day of December, 1907.

Opinion filed May 20, 1914.

Appeal from the District Court of McIntosh County, *Allen,* J. Affirmed.

*Hugo P. Remington* and *Curtis & Curtis,* for appellant. (*Newton, Dullam, & Young*) of counsel.

In an accounting, the rule is that the books of account are presumed to be correct, until the contrary is shown by competent proof. 1 Enc. Ev. 182, ¶¶ 5 et seq.; 9 Enc. Ev. 569; Stuart v. McKichan, 74 Ill. 122; Gregg v. Hoard, 129 Ill. 613, 22 N. E. 528; Routen v. Bostwick, 59 Ala. 360; Desha v. Smith, 20 Ala. 747; Heartt v. Corning, 3 Paige, 566; Hicks v. Chadwell, 1 Tenn. Ch. 251.

28 N. D.—1.

*Franz Shubeck* and *W. S. Lauder,* for respondent.

By reason of the condition of the books, the methods employed in keeping the accounts, and the manner in general in which the business was conducted, exact justice could not be done in an accounting. Petty v. Haas, 98 Iowa, 257, 98 N. W. 104.

BURKE, J.    Action to dissolve a partnership and for an accounting. Appellant demands a trial *de novo* under the Newman act.    The evidence covers something over 250 printed pages and an enormous amount of exhibits, including the partnership books of account.    No question of law is involved, but it has been the duty of the court to go through this mass of figures and testimony, and make the accounting between the two members of the partnership.    This has been done with care by this court, but we do not believe the public interest will be in any manner subserved by setting forth those figures in this written opinion.    We will therefore content ourselves with a brief statement of the facts, and announce the result which we have reached.

In the year 1906, plaintiff and defendant resided in the town of Ashley, North Dakota, plaintiff being engaged in a small farm machinery and implement business and defendant running a hardware store.    On the 7th of April of that year, they entered into a partnership under the name of Stepper & Company for the purpose of conducting plaintiff's farm implement business.    Defendant continued his hardware business individually.

In January, 1907, a new partnership was formed between those parties which took over both the implement and hardware concerns.    No articles of copartnership were drawn,—the agreement was entirely oral.    The assets consisted of notes and accounts owing to the two old businesses, the hardware stock, and some implement stock.    The liabilities consisted of the debts of the two old concerns. Plaintiff was to do the outside work, selling the farm implements, etc., while defendant was to stay in the hardware store and keep books of the entire business. .  Owing to the fact that defendant contributed a larger share of the assets, he was to receive $400 in profits before there was any further division thereof, after which the profits were to be divided evenly.    About December 1, 1907, the two parties, being dissatisfied with the situation, had an understanding which is given by

the plaintiff as follows: "We talked the matter over and agreed that Bruenn carry the business on until the end of the year, and then we make an agreement to settle, and Bruenn agreed that he will pay me what is coming to me in cash." Defendant testifies that plaintiff ran away from the business, and practically deserted the same. The case was tried in the court below, partly by the trial judge and partly before a referee who was appointed by the court to take testimony and make findings of fact therein. The trial court had the advantage of seeing the witnesses on the stand, as well as the aid of the referee. We have reached the same conclusion as announced by the referee in the trial court, and will adopt its conclusion. Such finding is to the effect that there was due to the plaintiff from the defendant the sum of $742.23 and legal interest thereon from the 1st day of December, 1907.

Judgment of the trial court is therefore affirmed.